# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0982-22

IN THE MATTER OF THE
EXPUNGEMENT OF CIVIL
COMMITMENT RECORDS OF
S.C.S.

_____

Argued November 14, 2023 – Decided January 3, 2024

Before Judges Enright and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1083-22.

Allan Marain argued the cause for appellant S.C.S.

PER CURIAM

S.C.S.[1] appeals from an October 18, 2022 order denying his petition to expunge his records pertaining to civil commitments in the Carrier Clinic, Monmouth Medical Center, Kimball Medical Center, and Riverview Medical Center. We affirm.

_____

[1] Because the underlying dispute concerns S.C.S.'s application for expungement of his commitment records, we use initials to preserve his anonymity. R. 1:38-3(f)(2).

S.C.S. states that he was "born [in] 1994 . . . [and] admitted to mental health care facilities in 2008, 2009, 2013, and 2017." He notes the 2013 "[d]ischarge [s]ummary    . . .  asserted as a final diagnosis, 'Axis 1. Bipolar disorder manic with psychotic features in remission.'" The 2017 "[d]ischarge [s]ummary [a]ssessment stated '[diagnosis]: unspecified depressive disorder.'"

S.C.S. seeks expungement for "employment reasons and [because] his fiancé has a firearm and cannot keep [the firearm] in their residence because of [his] civil commitment record."

The judge reviewed:  the commitment records; "letters from [S.C.S.]'s father, fiancé and friend"; a certificate that S.C.S. was an Emergency Medical Technician; a letter from the United States Department of Justice revealing no prior arrest; and a complete and thorough application. In addition, the judge heard testimony from S.C.S. and Sarah DeMarco, Psy.D. (Dr. DeMarco).

Dr. DeMarco "was qualified to offer opinions pertinent to the application." The judge noted that "[s]he interviewed [S.C.S.]; . . . administered psychological testing, Personality Assessment Inventory[;] interviewed [S.C.S.]'s father and fiancé[;] and reviewed the commitment records from the four institutions . . . ." The judge found Dr. DeMarco provided a "comprehensive report to the court," and that Dr. DeMarco opined:

> It is clear that [S.C.S.] struggled with mental health problems as an adolescent, with a few years of stability

2

from 2013-2017 and then a brief period of remerging depressive symptoms in 2017 following the death of his dogs . . . [.]

[B]y all accounts, [S.C.S.] appears to have remained psychiatrically stable at least until 2017 – 4.5 years ago. He has not demonstrated continued mental health symptoms or functional impairment, nor has he required any mental health treatment since. As such, any such problems have certainly substantially improved to the extent that they are not present at this point, nor have they been in at least 4.5 years, which was the time of his last hospitalization, per available data. In other words, they are in at least substantial remission. Additionally, he is not likely to act in a manner dangerous to the public . . . .

Again, he has not engaged in any mental health treatment, nor has he taken psychiatric medication since 2017, and by all accounts has been stable since. If he, in fact, had a chronic mood disorder (i.e., Bipolar Disorder) as indicated in hospital records, it is very likely there would have continued to be evidence of such in recent years, especially in the absence of any psychiatric medication. Moreover, there would likely be evidence of functional impairment in other aspects of his life. However, to the contrary, he has maintained stable and consistent employment over time and has a stable intimate relationship.

However, the judge found Dr. DeMarco's opinion was "not supported by the substantial evidence in the record of serious and repeated episodes of [S.C.S.] injuring himself and threatening others, with the last hospitalization only five years ago." Therefore, the judge gave the doctor's opinion "little weight." Moreover, noting that a "final determination of dangerousness lies

3

with the courts, not the expertise of psychiatrists and psychologists," citing In re D.C., 146 N.J. 31, 59 (1995), the judge found S.C.S. did not meet the burden necessary to grant expungement.

We review the trial court's interpretation of the statute governing expungement of mental health records de novo. State v. Gandhi, 201 N.J. 161, 176 (2010). However, we defer to a motion judge's fact finding because he or she has the "opportunity to hear and see the witnesses and to have the 'feel' of the case, which [we] cannot enjoy." In re Civil Commitment of R.F., 217 N.J. 152, 174 (2014) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). Moreover, as "[t]he factfinder, [the judge] may accept some of [an] expert's testimony and reject the rest." Torres v. Schripps, Inc., 342 N.J. Super. 419, 430 (App. Div. 2001) (citing Todd v. Sheridan, 268 N.J. Super. 387, 401 (App. Div. 1993)). "That is, a factfinder is not bound to accept the testimony of an expert witness, even if it is unrebutted by any other evidence." Id. at 431 (quoting Johnson v. American Homestead Mortgage Corp., 306 N.J. Super. 429, 438 (App. Div. 1997)). Further, "expert testimony need not be given greater weight than other evidence nor more weight than it would otherwise deserve in light of common sense and experience." Id. at 430.

"Assuming no error of law, we defer to a trial court's exercise of discretion so long as it was not 'clearly unreasonable in the light of the accompanying and

4

surrounding circumstances . . . .'" In re LoBasso, 423 N.J. Super. 475, 496 (App.

Div. 2012) (quoting Smith v. Smith, 17 N.J. Super. 128, 132-33 (App. Div.

1951)).

Under N.J.S.A. 30:4-80.9:

> [T]he court shall hear evidence as to: the circumstances of why the commitment or determination was imposed upon the petitioner, the petitioner's mental health record and criminal history, and the petitioner's reputation in this community. If the court finds that the petitioner will not likely act in a manner dangerous to the public safety and finds that the grant of relief is not contrary to the public interest, the court shall grant such relief for which the petitioner has applied and, an order directing the clerk of the court to expunge such commitment from the records of the court.

S.C.S. argues the judge abused his discretion in denying expungement

because: (1) the judge's analysis "misapprehend[ed]" the issues under the

statute; (2) he failed to provide cogent reasons to reject Dr. DeMarco's opinion;

and (3) "[n]o evidence was presented to challenge the reasoned opinion of Dr.

DeMarco . . . ." We are not persuaded.

The statute requires S.C.S. to satisfy a two-prong test for expungement:

"not likely [to] act in a manner dangerous to the public safety and . . . the grant

of relief is not contrary to the public interest." N.J.S.A. 30:4-80.9; see Matter

of M.D.V., 465 N.J. Super. 194, 197 (App. Div. 2020). Here, the judge

determined that S.C.S. did not satisfy his burden because "of his record of

5

serious and repeated episodes of . . . injuring himself and threatening others, with the last hospitalization only five years ago."

S.C.S. argues that the judge's analysis "begs the question" because the judge "cit[ed] . . . the admissions that he was trying to expunge." However, S.C.S.'s argument misses the mark. The judge was required to consider the entirety of S.C.S.'s presentation. Included within the required fact-sensitive analysis is S.C.S.'s history and his "recent behavior and any recent act or threat." D.C., 146 N.J. at 42. In conducting his analysis, the judge determined that given S.C.S.'s "undisputed" "serious and repeated episodes," with the last being within five years, S.C.S. failed to meet his burden. We find no error in the application of the statute and find no abuse of discretion in the judge's determination.

The judge gave "little weight" to Dr. DeMarco's opinion. He determined the opinion "was not supported by the substantial evidence in the record." S.C.S.'s arguments -that the judge was required to provide a more detailed explanation for his weighing of the opinion or should have given the opinion more weight, considering it was unopposed, are without merit. The judge satisfactorily explained his decision and had wide latitude in considering the expert's opinion. See Torres, 342 N.J. Super. at 430-31. We find no reason to disturb the judge's determination here.

6

Accordingly, we affirm the October 18, 2022 order denying S.C.S.'s application under N.J.S.A. 30:4-80.9.

Therefore, we need not address the denial of S.C.S.'s application under N.J.S.A. 2C:58-3(c). We only add that the requirements of N.J.S.A. 2C:58-3(c), which dictate the situations under which a person may be denied "a permit to purchase a handgun or a firearms purchaser identification card" are inapplicable to the requirements for the expungement of civil commitment records under N.J.S.A. 30:4-80.9.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0982-22